## No. 9690.

### FUSZ & BACKNER vs. TRAGER & NOBLE.

A suit upon an account by a commercial firm of Missouri against a commercial firm of this State and the members thereof *in solido*, presents a single controversy, which is removable to the U. S. Courts by parties on either side; but all the parties on the same side must concur in the application, and one defendant cannot remove in opposition to the wish of his co-defendants.  In this case one partner of defendant firm claimed, while the other opposed, the removal, and the application was properly denied.

In a second application the defendant Trager alleged that there was a separate controversy between himself on the one side and his co-defendant and plaintiffs on the other, and asked a removal on that ground.  We find no such controversy presented on the record, and the judge did not err in refusing the removal.

APPEAL from the Ninth District Court, Parish of Concordia. *Young*, J.

---

*Steele & Garrett* and *Elam & Luce* for Plaintiffs and Appellees.

*Dagg & Mason* and *Jas. G. Leach* contra.

---

The opinion of the Court was delivered by

FENNER, J.   The only question presented for our determination in this case is the correctness of certain orders of the judge refusing applications for removal to the United States Court.

The suit was brought by plaintiffs, a commercial firm of St. Louis, against the defendants, a commercial firm of this State, and was accompanied by an attachment of property.

There were two appearances in the name of the defendant firm, one by an attorney employed by Trager, the other by an attorney employed by Noble.

Trager's attorney filed an application in the name of the firm for a removal. Noble's attorney filed an opposition to the removal.

The judge refused the application. Thereupon, Trager filed a new application for removal in his own name, alleging that "there was a controversy between the plaintiffs and defendants, and also a separable controverty between your petitioner on one side and the defendant Noble and the plaintiffs on the other, all of which can be fully determined between said parties in this suit." This application was also refused.

The both applications were made under the second section of the Act of March 3, 1875.

That section contemplates two cases of removal, viz: one where there is a single controversy between citizens of different States; the other where there are separate controversies, one of which is between citizens of different States.

The first application was made under the first provision, and the construction of it is well settled that, to entitle to a removal, all the parties on one side or the other must join in the application. Removal Causes, 100 U. S. p. 457; Desty's Removal of Causes, p. 117, § 10 j.; Peeler's Law and Eq. in U. S. Courts, p. 164, note 310.

One defendant in a single common controversy cannot remove in opposition to the wishes of his co-defendants. Noble had equal rights and interests with Trager in the defense of the single controversy, and as he opposed the removal, the judge rightly refused the application.

The second application was based on the second clause and on the claim that there was a separate controversy between himself on the one side and his co-defendant Noble and plaintiffs on the other.

It is sufficient to say that we search the record in vain to find any such controversy. It is true that we find a petition in the record filed by Trager, in which he asserted individual ownership of certain of the property attached, but it raised no issue and prayed for no relief. And, moreover, at the time when it was filed, Trager had already asked and obtained, in the name of Trager & Noble, an order releasing the whole of the property attached on bond, and had actually released the attachment on a bond executed in the name of the firm

and conditioned, according to law, to pay whatever judgment may be rendered against the firm.

. It is clear the separate controversy alleged did not exist, and there was no error in the judge's refusal to grant the removal.

Judgment affirmed.